EXHIBIT 1

1-1    TO 1-15

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
Home Depot Product Authority, LLC, a Georgia Limited Liability Company;
DOES 1 to 30.

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Leroy McClellan

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/07/2022 at 05:08:26 PM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California In and For the County of San Diego
330 West Broadway
San Diego, CA 92101
Central Division - Hall of Justice

**CASE NUMBER:**
*(Número del Caso):* 37-2022-00035954-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel G. Lynn (SBN: 317563)
Gomez Trial Attorneys
655 W. Broadway, Ste. 1700, San Diego, CA 92101

DATE: 09/08/2022         Clerk, by C. Miranda, Deputy
(Fecha)                  (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Home Depot Product Authority, LLC, a Georgia Limited Liability Company
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): LLC
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Samuel G. Lynn, Esq., SBN 317563  Thomas J De Santis, Esq., SBN 282744 GOMEZ TRIAL ATTORNEYS            DE SANTIS LAW CENTER, APC 655 West Broadway, Suite 1700     298 3rd Avenue, Chula Vista, CA 91910 San Diego, CA 92101                    T: (619) 425-2020 F: (619) 425-2120 TELEPHONE NO.: (619) 237-3490        FAX NO. (Optional): (619) 237-3496 EMAIL ADDRESS (Optional): samuellynnesq@gmail.com/thomas@desantislawcenter.com ATTORNEY FOR (Name): Plaintiff, Leroy McClellan | FOR COURT USE ONLY ELECTRONICALLY FILED Superior Court of California, County of San Diego 10/31/2022 at 04:52:00 PM Clerk of the Superior Court By: Taylor Crandall, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO ☒ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101 ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081 | |
| PLAINTIFF(S) Leroy McClellan | JUDGE Hon. Ronald F. Frazier |
| DEFENDANT(S) Home Depot Product Authority, LLC; et al. | DEPT C-65 |
| AMENDMENT TO COMPLAINT | CASE NUMBER 37-2022-00035954-CU-PL-CTL |

Separate forms are required if attempting to file amendment under Code of Civil Procedure section 473 or 474. Additionally, only one party may be addressed per form.

Amendment under Code Civ. Proc., § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of
DOE 1
and having discovered the true name of defendant to be
New Home Depot Product Authority, LLC, a Georgia Limited Liability Company
amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: October 31, 2022

_____
Thomas J. De Santis, Esq.
                                                Signature

Amendment under Code Civ. Proc., § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☐ defendant ☐ plaintiff in the complaint by the name of
_____
and having discovered the ☐ name to be incorrect and the correct name is ☐ defendant also uses the name of
_____
amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of
_____
appears in the complaint.

Date: _____

_____
                                                Signature

**ORDER**

The above amendment to the complaint is allowed.

**IT IS SO ORDERED**

Date: _____

_____
Judge/Commissioner of the Superior Court

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

PLAINTIFF(S) / PETITIONER(S): Leroy McClellan

DEFENDANT(S) / RESPONDENT(S): Home Depot Product Authority

MCCLELLAN VS HOME DEPOT PRODUCT AUTHORITY [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00035954-CU-PL-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Ronald F. Frazier                                Department: C-65

**COMPLAINT/PETITION FILED:** 09/07/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/10/2023 | 10:30 am | C-65 | Ronald F. Frazier |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00035954-CU-PL-CTL     CASE TITLE: McClellan vs Home Depot Product Authority [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Samuel G. Lynn (SBN: 317563)   Thomas J. De Santis (SBN: 282744)<br>GOMEZ TRIAL ATTORNEYS   DE SANTIS LAW CENTER, APC<br>655 West Broadway, Suite 1700   298 Third Avenue, Chula Vista, CA 91910<br>San Diego, California 92101   Tel: 619-425-2020 Fax: 619-425-2120<br>TELEPHONE NO.: (619) 237-3490   FAX NO.: (619) 237-3496<br>ATTORNEY FOR (Name): Plaintiff, Leroy McClellan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**09/07/2022** at 05:08:28 PM<br>Clerk of the Superior Court<br>By Carolina Miranda, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Leroy McClellan v. Home Depot Product Authority, LLC, a Georgia Limited Liability Company; DOES 1 to 30

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00035954-CU-PL-CTL<br>JUDGE: Judge Ronald F. Frazier<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☒ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.☒ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action (specify): Two
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 6, 2022
Samuel G. Lynn, Esq.                                        ▶ [signature]
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36) Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Samuel G. Lynn (SBN: 317563)   Thomas J. De Santis (SBN: 282744)<br>GOMEZ TRIAL ATTORNEYS   DE SANTIS LAW CENTER, APC<br>655 West Broadway, Suite 1700   298 Third Avenue, Chula Vista, CA 91910<br>San Diego, California 92101   Tel: 619-425-2020 Fax: 619-425-2120<br>TELEPHONE NO: (619) 237-3490   FAX NO. *(Optional)*: (619) 237-3496<br>E-MAIL ADDRESS *(Optional)*: slynn@thegomezfirm.com; thomas@desantislawcenter.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Leroy McClellan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/07/2022** at 05:08:28 PM<br><br>Clerk of the Superior Court<br>By Carolina Miranda, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF: Leroy McClellan

DEFENDANT: Home Depot Product Authority, LLC, a Georgia Limited Liability Company

☒ DOES 1 TO 30

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED *(Number)*:

Type *(check all that apply)*:
☐ MOTOR VEHICLE  ☒ OTHER *(specify)*: Products Liability
☐ Property Damage  ☐ Wrongful Death
☒ Personal Injury  ☐ Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
☐ ACTION IS A LIMITED CIVIL CASE
    Amount demanded  ☐ does not exceed $10,000
    ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER: 37-2022-00035954-CU-PL-CTL

1. Plaintiff *(name or names)*: Leroy McClellan
   alleges causes of action against defendant *(name or names)*: Home Depot Product Authority, LLC, a Georgia limited liability company; and DOES 1 to 30.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:
   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: McClellan v. Home Depot Product Authority, LLC, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* Home Depot Products
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☒ other *(specify):* LLC

   c. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      - (1) ☐ a business organization, form unknown
      - (2) ☐ a corporation
      - (3) ☐ an unincorporated entity *(describe):*
      - (4) ☐ a public entity *(describe):*
      - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-30 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1-30 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: McClellan v. Home Depot Product Authority, LLC, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☐ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☒ loss of earning capacity
    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    1-15

Date: September 6, 2022

Samuel G. Lynn, Esq.
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: McClellan v. Home Depot Product Authority, et al. | CASE NUMBER: |
|---|---|

ATTACHMENT 1 TO COMPLAINT:

PLAINTIFF: Leroy McClellan, individually, alleges causes of action against

DEFENDANTS: Home Depot Product Authority, LLC, a Georgia limited liability company; and DOES 1 to 30.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):* Item 1

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 4 of 7

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

PLD-PI-001(2)

| SHORT TITLE:<br>McClellan v. Home Depot Product Authority, LLC et al. | CASE NUMBER: |
|---|---|

<u>FIRST</u> **CAUSE OF ACTION—General Negligence** Page <u>5</u> of <u>7</u>
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Leroy McClellan, an individual

alleges that defendant *(name):* Home Depot Product Authority, LLC, a Georgia limited liability company; and

☒ Does <u>1</u> to <u>30</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: 6/23/21
at *(place)*: 1640 SAN BERNARDINO AVE, SPRING VALLEY, CA 91977

*(description of reasons for liability):*
On 5/15/21, Plaintiff Leroy McClellan purchased a Hampton Bay patio heater from Defendant Home Depot Product Authority LLC ("Home Depot"), at 7530 Broadway, Lemon Grove, CA 91945. Upon information and belief, Hampton Bay is a brand completely owned and operated by Defendant Home Depot. On 6/23/21 around 11:00 p.m., Plaintiff reached with his left hand to turn off the valve to the gas supply for the patio heater. Plaintiff put his hand and arm into the service hole which was covered by a rubber protective covering/guard. Plaintiff turned off the gas supply valve and pulled his arm out, but the rubber protective covering had come loose and, exposing an unprotected sharp edge. The unprotected sharp edge made contact with Plaintiff's wrist and hand causing lacerations and permanent nerve damage. The patio heater's metal edge was so sharp that Plaintiff did not feel the deep cut until his hand was out of the patio heater. Defendant Home Depot and DOES 1-30 manufactured, designed, constructed, assembled, and placed the Hampton Bay patio heater into the stream of commerce, which was sold by Home Depot to Plaintiff. The injuries sustained by Plaintiff were directly and proximately caused by the negligence of Defendants. Defendants Home Depot and DOES 1-30, by and through the actions of their agents, employees, officers and representatives, were negligent in that they:

Negligently and wantonly designed, manufactured, and assembled the patio heater, in such a manner as to cause Plaintiff to lacerate his wrist and arm during normal and customary use. Defendant Home Depot and DOES 1-30 knew or should have known upon diligent examination and testing that the Hampton Bay patio heater, had been defectively and negligently designed, manufactured, and assembled. The patio heater, operated by Plaintiff at the time of the accident, had a hazardous design, manufacture, and production, and was inherently dangerous because the rubber protective guard gave Plaintiff a false sense of security. In fact, the patio heater's rubber guard was inadequate to protect Plaintiff from serious injuries which would result from the sharp metal edges located on the patio heater's opening. As a result, the patio heater was unreasonably dangerous to be placed in the stream of commerce without an adequate and suitable warning to the potential purchasers or users. Defendants Home Depot and DOES 1-30 negligently and recklessly refused to take prompt steps to recall the defective patio heater. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious, painful, disfiguring, and permanent bodily injuries, which include lacerations, permanent nerve damage, aggravated carpal tunnel syndrome, and other serious bodily and emotional damages, causing medical and other expenses, loss of earnings and loss of earning capacity, and other permanent and disabling injuries.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: McClellan v. Home Depot Product Authority, LLC, et al. | CASE NUMBER: |
|---|---|

| Second (number) | **CAUSE OF ACTION—Products Liability** | Page 6 of 7 |
|---|---|---|

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Leroy McClellan, an individual

Prod. L-1. On or about *(date):* June 23, 2021    plaintiff was injured by the following product:

　　　　Hampton Bay Patio Heater. See Attachment Prod. L1.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
　[X] used in the manner intended by the defendants.
　[X] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
　[X] purchaser of the product.　　　　　　[X] user of the product.
　[ ] bystander to the use of the product.　　[ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4.  [X] **Count One—Strict liability** of the following defendants who
　a. [X] manufactured or assembled the product *(names):*
　　　　Home Depot Product Authority; and
　　　　[X] Does 1 to 30
　b. [X] designed and manufactured component parts supplied to the manufacturer *(names):*
　　　　Home Depot Product Authority; and
　　　　[X] Does 1 to 30
　c. [X] sold the product to the public *(names):*
　　　　Home Depot Product Authority; and
　　　　[X] Does 1 to 30

Prod. L-5.  [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
　　　　Home Depot Product Authority; and
　　　　[X] Does 1 to 30

Prod. L-6.  [X] **Count Three—Breach of warranty** by the following defendants *(names):*
　　　　Home Depot Product Authority; and
　　　　[X] Does 1 to 30
　a. [X] who breached an implied warranty
　b. [ ] who breached an express warranty which was
　　　　[ ] written    [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
　　　　[ ] listed in Attachment-Prod. L-7 [ ] as follows:

Form Approved for Optional Use
Judicial Council of California
.D-PI-001(5) [Rev. January 1, 2007]

CAUSE OF ACTION—Products Liability

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC-025

| SHORT TITLE: McClellan v. Home Depot Product Authority, et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* PROD L-1

*(This Attachment may be used with any Judicial Council form.)*

On 5/15/21, Plaintiff Leroy McClellan purchased a Hampton Bay patio heater from Defendant Home Depot Product Authority LLC ("Home Depot"), at 7530 Broadway, Lemon Grove, CA 91945. Upon information and belief, Hampton Bay is a brand completely owned and operated by Defendant Home Depot. On 6/23/21 around 11:00 p.m., Plaintiff reached with his left hand to turn off the valve to the gas supply for the patio heater. Plaintiff put his hand and arm into the service hole which was covered by a rubber protective covering/guard. Plaintiff turned off the gas supply valve and pulled his arm out, but the rubber protective covering had come loose, exposing an unprotected sharp edge. The unprotected sharp edge made contact with Plaintiff's wrist and hand causing lacerations and permanent nerve damage. The patio heater's metal edge was so sharp that Plaintiff did not feel the deep cut until his hand was out of the patio heater. Defendant Home Depot and DOES 1-30 manufactured, designed, constructed, assembled, and placed the Hampton Bay patio heater into the stream of commerce, which was sold by Home Depot to Plaintiff. The injuries sustained by Plaintiff were directly and proximately caused by the negligence of Defendants. Defendants Home Depot and DOES 1-30, by and through the actions of their agents, employees, officers and representatives, were negligent in that they:

Negligently and wantonly designed, manufactured, and assembled the patio heater, in such a manner as to cause Plaintiff to lacerate his wrist and arm during normal and customary use. Defendant Home Depot and DOES 1-30 knew or should have known upon diligent examination and testing that the Hampton Bay patio heater, had been defectively and negligently designed, manufactured, and assembled. The patio heater operated by Plaintiff at the time of the accident had a hazardous design, manufacture, and production, and was inherently dangerous because the rubber protective guard gave Plaintiff a false sense of security. In fact, the patio heater's rubber guard was inadequate to protect Plaintiff from serious injuries which would result from the sharp metal edges located on the patio heater's opening. As a result, the patio heater was unreasonably dangerous to be placed in the stream of commerce without an adequate and suitable warning to the potential purchasers or users. Defendants Home Depot and DOES 1-30 negligently and recklessly refused to take prompt steps to recall the defective patio heater. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious, painful, disfiguring, and permanent bodily injuries, which include permanent nerve damage, aggravated carpal tunnel syndrome, and other serious bodily and emotional damages, causing medical and other expenses, loss of earnings and loss of earning capacity, and other permanent and disabling injuries.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov